```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EDWIN LORENZO, | Civil Action No. 08-4079 (MLC) |
| Petitioner, |  |
| v. | **O R D E R** |
| T. MICHAEL POWER, et al., |  |
| Respondents. |  |

**IT APPEARING THAT:**

1. Edwin Lorenzo filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction entered in New Jersey Superior Court, Monmouth County, on June 6, 2002, and amended November 2, 2005, and May 14, 2007, after a jury found him guilty of burglary, harassment, aggravated assault, terroristic threats, stalking, and certain persons not to have weapons.

2. By an Opinion, and an Order and Judgment ("Judgment"), entered July 7, 2009, this Court denied the Petition with prejudice and denied a certificate of appealability.

3. On July 10, 2009, Petitioner moved for reconsideration of the Judgment. (Dkt. entry no. 17.)

4. Local Civil Rule 7.1(i) provides that a motion for consideration "shall be served and filed within 10 business days after the entry of the order or judgment[.]"  A motion for reconsideration may be granted to:  (1) correct manifest errors of law or fact upon which the judgment was based; (2) present

newly-discovered or previously unavailable evidence; (3) prevent manifest injustice; and (4) address an intervening change in prevailing law.  See N. River Ins. Co. v. CIGNA Reins. Co., 52 F. 3d 1194, 1218 (3d Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

    5.  In his motion for reconsideration, Petitioner argues that this Court erred by failing to fully consider Petitioner's claim raised in Ground Four of the Petition.  Petitioner asserts:

> [I]t is obvious [the Court] believed the 'need to protect the public' was the only issue being raised under Point 4, by petitioner.
>
> Petitioner states and certif[ies that] there can be no doubt that Point 4 . . . also raised the judicial fact-finding of aggravating factors (3) and (9), which in her opinion Honorable Mary L. Cooper, states on page 26, should be found by a jury beyond a reasonable doubt.
>
> Petitioner states and certif[ies that] he also provided this court with these exhibits showing the court used aggravating factors (3) and (9), contrary to federal law . . .
>
> Petitioner states and certif[ies that] he raised the judicial fact-finding of aggravating factors (3) and (9), in his memorandum of law in support of writ of habeas corpus Point 4, page 34 to 40.

(Dkt. entry no. 17-2, at pp. 2-4, ¶¶ 4-7.)

    6.  Petitioner thus argues that this Court erred by omitting from consideration his argument that the 20-year sentence imposed on May 14, 2007, violated the Sixth Amendment because the sentencing judge found aggravating factors (3) and (9), rather than submitting same to a jury.

    7.  Petitioner, in his certification in support of the motion, incorrectly asserts that this Court determined that "a

judicial fact-finding of 'the need to protect the public' or any aggravating factors such as (3) and (9), exceeds the mere finding of a prior conviction, and thus, it should be found by a jury beyond a reasonable doubt." (Dkt. entry no. 17-2, at p. 1.) This language appears on page 26 of this Court's Opinion as part of a quotation from Petitioner's brief in support of Ground Four, and not as a determination of the Court.

8.  Petitioner also argues that this Court's ruling on Ground Four was based on a failure to comprehend his challenge to the sentencing court's finding of aggravating factors (3) and (9).  But in rejecting Ground Four of the Petition, this Court considered Petitioner's Sixth Amendment argument regarding aggravating factors (3) and (9).  This Court found that, because Petitioner was resentenced in accordance with State v. Pierce, 188 N.J. 155 (2006), in which the New Jersey Supreme Court construed New Jersey's persistent offender statute in a way that avoids the Sixth Amendment issue - by making all aggravating factors, including factors (3) and (9), discretionary - the adjudication of Ground Four by the New Jersey courts was not contrary to, or an unreasonable application of, Apprendi, Blakely, and Booker.

9.  As Petitioner has not shown that this Court's Judgment denying relief pursuant to Ground Four was based on any error of fact or law, this Court will deny Petitioner's motion.

**IT IS THEREFORE** on this      9th       day of February, 2010,

**ORDERED** that the Clerk **REOPEN** the file; and it is further

**ORDERED** that Petitioner's motion for reconsideration (dkt. entry no. 17) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve this Order upon the parties; and it is further

**ORDERED** that the Clerk designate the action as **CLOSED**.

                                                    s/Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge